UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LUGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-1387-JES-JEH |
| | ) |
| VILLAGE OF WASHBURN, ILLINOIS, et.al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 11), Memorandum in support, and Plaintiff's Response (Doc. 13). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

## FACTS

Plaintiff, proceeding pro se, brings an action under 42 U.S.C. § 1983, asserting a constitutional violation under Fourteenth Amendment procedural due process and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has named the Village of Washburn ("Village") and Ginger Humphrey ("Humphrey"), a Village Trustee. Plaintiff has also named "John Does 1-10" in the caption but has not pled any claims against them. *See Jones v. Butler,* No.14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014) (citing *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998)). "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation. However, merely naming a defendant in the caption is insufficient to state a claim." *Id*. at *2.

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). On or about August 29, 20022, the Village of Washburn ("Village") issued

1

Plaintiff a complaint, purportedly based on an Ordinance violation, for having a dumpster on his property which "block[ed] view." (Doc. 1 ¶ 2). On September 4, 2022, Woodford County Sheriff's Deputies served Plaintiff with the complaint. Plaintiff has provided a copy of the form complaint which contains a series of check boxes which may be used to identify various infractions. None of the boxes are checked but under "Other" there is the handwritten note "Dumpster blocking view." (Doc. 1 at 11).

The complaint notes that this was a "First Offense" subject to a $25.00 fine. Plaintiff was advised that if he paid the fine, no court appearance would be required. It also stated:

> **IF YOU FAIL TO PAY BY THE DUE DATE, YOU MUST APPEAR IN COURT AT THE WOODFORD COUNTY COURTHOUSE, 115 N. MAIN ST., EUREKA, IL, ON A DATE AND TIME TO BE PROVIDED.**

The line "Officer's Signature" is signed by Defendant Humphrey. The back side of the complaint advised Plaintiff that he could demand a jury trial when he entered his appearance. He was also notified that a default judgment could be entered, and an arrest warrant issued if he failed to appear at any hearing. (Doc. 1 at 12).

The minutes of a subsequent October 10, 2022, Village Board meeting document that the ordinance in question was clarified as Ordinance No. 152-032 as "the dumpster laid on gravel and exceeded the 4-foot limit in violation of the ordinance." (Doc. 11 at 2). The minutes also reflect that Plaintiff was sent a letter by certified mail, informing him that he had five days to move the dumpster. Plaintiff claims that he did not receive the letter and it is undisputed that he never signed for it.

Plaintiff has pled that the ordinance complaint violated his Fourteenth Amendment procedural due process rights as it was deficient and did not provide adequate notice.[1] One of the

---

[1] Plaintiff also asserts due process claims under the Fifth and Sixth Amendments. Fifth Amendment due process only applies to federal actors, not the state actors at issue here. *See Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir.

alleged deficiencies was that Defendant Humphrey, acting as a Village Trustee, did not have the authority to sign the complaint. Plaintiff cites IL. R. S. Ct. 572(a) *Form of Charging Document*; and 735 ILCS 5/1-109 *Verification by certification*, which provide that only an attorney, peace officer, or code enforcement officer is authorized to sign charging documents. Plaintiff further claims that the complaint was deficient for failing to provide an appearance date as required under Rule 572(a)(4)[2] and failing to identify the ordinance which had been violated as required under Rule 572(a)(3).[3] Plaintiff asserts, in fact, that there is no statute or ordinance which specially prohibits a dumpster blocking the view. Plaintiff complains that he has never received notice of a hearing date and the threat looms over him.

Plaintiff also brings a *Monell* claim, pleading that he sustained a constitutional injury under a policy which, in part, allowed Defendant Humphrey to sign verified complaints against Village citizens. In support of the allegedly unconstitutional policy, Plaintiff asserts, without pleading specific facts, that Defendant Humphrey issued complaints on "fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system." (Doc. 1 ¶ 29). He also asserts, again without pleading specific facts, that Defendants had a "custom, policy or repeated practice of condoning and tacitly encouraging the abuse of authority in disregard for the constitutional rights of citizens, such as Plaintiff." (Doc. 1 ¶ 27). Plaintiff

---

1984) (dismissing a Fifth Amendment due process claim which did not allege "action by the federal government, as the Fifth Amendment requires."). In addition, there is no Sixth Amendment due process clause, so Plaintiff's complaint is examined only under the Fourteenth Amendment.

[2] A charging document is to contain a "statement whether the defendant is required to appear in court and, of so, the date, time and place of appearance." IL. R. S. Ct. 572(a)(4).

[3] This requires that a charging document identify the "nature of the offense and a reference to the relevant ordinance." IL. R. S. Ct. 572(a)(3).

3

does not cite instances of alleged constitutional injury to others, only premising this statement upon information and belief. *Id*. at ¶ 28.

Plaintiff identifies the constitutional injury which supports his due process and *Monell* claims as the violation of his "right to manage, maintain and improve his property by keeping a dumpster for collection of debris during landscaping improvements." It does not appear, and Plaintiff does not claim, that he was prohibited having a dumpster on his property. Rather, the controversy appears to have arisen from the dumpster's location on the property; whether because it blocked the view, or as later asserted, laid on gravel and exceeded a 4-foot limit. Plaintiff claims mental and emotional injury due to the "forever looming and erroneous prosecution with no means for Plaintiff to be heard in court and/or defend himself." (Doc. 1 at 6). Although Plaintiff is proceeding pro se, he indicates that he has sought the services of counsel and is entitled to an award of attorneys' fees and costs.

Plaintiff has requested declaratory and injunctive relief, as well as compensatory and punitive damages. Plaintiff's request for punitive damages was directed against both the Village and Defendant Humphrey in her individual capacity. Plaintiff concedes in his response that he may not recover punitive damages against the Village and asserts punitive damages only as to Defendant Humphrey.

Defendants deny that Plaintiff has pled a cognizable constitutional interest for purposes of a due process claim, and even if he had, the notice he received was adequate. It is uncontroverted that the Village never filed the complaint in court. In fact, when Plaintiff attempted to file a response on September 5, 2022, it was not accepted as there was no complaint on file. Court proceedings were never commenced, and the Village took no action other than notifying Plaintiff of the purported ordinance violation and sending a certified letter which he

4

never received. Defendants assert that the mere issuance of the notice is not sufficient to cause a § 1983 constitutional injury under a Fourteenth Amendment or *Monell* analysis.

In addition to the lack of constitutional injury, Defendants deny that the complaint provided inadequate notice. While the complaint did not identify a time and place for hearing, it indicated that this would be scheduled in the event that the $25 fine was not paid by a certain date. It appears that this date was never scheduled as the Village abandoned its plan to proceed on the ordinance violation. Defendants assert that, even though the complaint did not identify the ordinance violation in question, this was clarified at the public Village Board meeting of October 10, 2022, as a violation of Ordinance No. 152-032. Defendants do not address, and do not dispute, Plaintiff's claim that Defendant Humphrey was not authorized to sign and verify the complaint served on Plaintiff.

Defendants also assert that the *Monell* claim fails as Plaintiff did not sufficiently plead either that the Village had an unconstitutional policy or practice, or that a constitutional injury ensued. Defendants have also perceived Plaintiff as pleading a claim of malicious prosecution based on the allegation, "Defendants (sic) actions create a type of malicious prosecution based on Plaintiff's exercise of his right to manage, maintain and improve his property . . ." (Doc. 1 at 6). In his reply, Plaintiff disavows any malicious prosecution claim (Doc. 13 at 9-10), so this issue is not further considered.

## MOTION TO DISMISS

Defendants assert their Motion under Fed. R. Civ. P. 12(b)(6) which challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual

allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010) (courts accept factual allegations as true and draws all reasonable inferences in plaintiff's favor). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

<u>Due Process Claim</u>

The Due Process Clause of the Fourteenth Amendment forbids a state depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Procedural due process requires a two-step analysis. First, we consider whether the plaintiff was deprived of a constitutionally protected interest in life, liberty, or property. If he was, we then determine what process he was due with respect to that deprivation." *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir.1996). "An essential component of a procedural due process claim is a protected property or liberty interest." *Minch v. City of Chi.*, 486 F.3d 294, 302 (7th Cir. 2007). Defendants assert that the due process claim fails on both counts; that Plaintiff has not pled a cognizable property interest, or that Defendants denied him procedural due process through inadequate notice.

For his part, Plaintiff identifies the constitutional right which was infringed as "the right to manage, maintain and improve his property by keeping a dumpster for collection of debris during landscaping improvements." (Doc. 1 at ¶24). To have a cognizable property interest, "a

person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Long Grove Country Club Estates, Inc. v. Vill. of Long Grove*, 693 F. Supp. 640, 653 (N.D. Ill. 1988) (citing *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972)). "[A] property interest is derived from an independent source such as state statutes or rules granting an entitlement to benefits." *A.C. v. Bd. of Educ. for Cambridge Cmty. Unit Sch. Dist. No. 227*, 05-4092, 2005 WL 3560658, at *2 (C.D. Ill. Dec. 28, 2005) (citing *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975). *See Santana v. Cook County Bd. Of Review*, 679 F. 3d 614, 621 (7th Cir. 2012) (dismissing procedural due process claim where plaintiff did not "point to any statute, regulation, or contract" to establish a constitutionally protected property interest); *Budzban v. DuPage Cnty. Reg'l Office of Educ., Addison Sch. Dist. 4*, No.12-900, 2013 WL 147628, at *3 (N.D. Ill. Jan. 14, 2013) (dismissing due process property interest claim which was pled only as arising from "the employer's established policies or established state and federal law.") As noted in *Budzban*, a plaintiff must sufficiently identify the protected interest as "[g]iven the Supreme Court's pleading standards in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal,* the Court does not find Plaintiff's bald assertion that there is some state or federal law that entitles him to continued employment sufficient to claim a property interest." *Id*. at *3 (citing *Twombly*, 550 U.S. 544 (2007); *Iqbal*, 556 U.S. 662 (2009).

      This case does not involve a Village ban on the placement of a dumpster on private property. Rather, the issue is the particular placement of the dumpster. Plaintiff cites no authority to support that he has a cognizable property interest in placing a dumpster in such a way as to block the view of others, or to place it on gravel, or to place it with less than four feet of clearance. Plaintiff has cited statutory authority only to support that notice was inadequate. He

offers nothing to establish a constitutionally protected property interest in placing the dumpster as he did.

As Plaintiff has failed to identify a protected property interest, the Court need not consider the issue of the adequacy of the notice. *See Porter*, 93 F.3d at 305. The due process claim is dismissed with leave to file a second amended complaint in the event Plaintiff can successfully plead this claim.

### **Monell Claim**

The Court now considers Plaintiff's *Monell* claim in which he asserts that Defendants promulgated or allowed an unconstitutional policy which caused him injury. The "critical question" in a *Monell* inquiry is whether the municipality had a policy or custom which caused the harm. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). "[M]unicipal liability attaches only 'when execution of a government's policy or custom . . . inflicts the injury [for which] the government as an entity is responsible under § 1983.'" *Donovan v. City of Milwaukee*, 17 F.3d 944, 953–54 (7th Cir. 1994) (citing *Monell*, 436 U.S. at 694). "To establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 833 (7th Cir. 2012) (quoting *Estate of Sims v. County of Bureau,* 506 F.3d 509, 517 (7th Cir. 2007)).

An official policy can be established through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final decisionmaking authority." *Teesdale,* 690 F.3d at 834 (quoting *Sims,* 506 F.3d at 515). Plaintiff does not claim that Defendants acted under an express

policy. Instead, he pleads that there was a widespread custom or practice countenanced by the Village and implemented by Defendant Humphrey, an individual with final decision making authority. (Doc. 1 at ¶ 27).

The Seventh Circuit has not adopted "bright-line rules" to determine what constitutes a widespread practice, but notes that there must be sufficient evidence of a true municipal policy, rather than a mere, random event. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (citing *Grieveson v. Anderson*, 538 F.3d. 763, 774 (7th Cir. 2008)). "Establishing that an official policy exists requires a plaintiff to allege a pattern or series of incidents that give evidence of the policy; indeed, 'alleging one specific incident in which the plaintiff suffered a deprivation will not suffice.'" *Henderson v. Sheahan*, No. 94-2620, 1995 WL 519704, at *2-3 (N.D. Ill. Aug. 24, 1995) *aff'd,* 134 F.3d 374 (7th Cir. 1997) (citing *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir.1986)). A municipality must have had prior notice of the allegedly unconstitutional activity as "*Monell* does not subject municipalities to liability for the actions of misfit employees." *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599 (7th Cir. 2019).

Here, Plaintiff only asserts upon information and belief that this happened to others as well as himself, without providing any facts to substantiate a pattern of conduct. *See Petropoulos v. City of Chicago*, No. 19-03206, 2021 WL 1103480, at *5 (N.D. Ill. Mar. 23, 2021) ("Courts in this District regularly dismiss *Monell* claims where the plaintiff has failed to allege instances of misconduct other than that from which he suffered." (citing *Carmona v. City of Chicago*, 2018 WL 306664, at *2 (N.D. Ill. 2018)). *See id.* ("What is fatal to the *Monell* claims, however, is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity.") (quoting *Winchester v. Marketti*, 2012 WL 2076375, at *4 (N.D. Ill. 2012)).

Not only has Plaintiff failed to sufficiently plead the existence of an unconstitutional policy, it is unclear as to what harm he has suffered. It appears that Defendants have abandoned their efforts to proceed on the alleged ordinance violation and Plaintiff has not been hailed into court. As a result, although Plaintiff claims emotional harm as the threat of enforcement looms over his head, "[h]aving to defend oneself in a legal proceeding ordinarily does not give rise to a redressable injury." *CIMA Developers Ltd. P'ship v. City of W. Chicago, Illinois*, No. 19-2193, 2021 WL 736224, at *3 (N.D. Ill. Feb. 25, 2021) (citing *Simic v. City of Chicago*, 851 F.3d 734, 739 (7th Cir. 2017)). The *Monell* claim is dismissed and, while the Court has reservations as to whether Plaintiff can plead a cognizable *Monell* claim under these facts, he will be given leave to amend.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 11) is GRANTED. Plaintiff is given leave, within 30 days, to file a Second Amended Complaint, consistent with this Order.

Entered on this 17th day of February, 2023.

s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE