UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LUGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-1387-JES-JEH |
| | ) |
| VILLAGE OF WASHBURN, ILLINOIS, et.al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc 16), Memorandum in support, and Plaintiff's Response (Doc. 18). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED and this case is dismissed.

## BACKGROUND

Plaintiff, proceeding pro se, brings an action under 42 U.S.C. § 1983, asserting a Fourteenth Amendment procedural due process violation and claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has named the Village of Washburn ("Village") and Ginger Humphrey ("Humphrey"), a Village Trustee. Plaintiff has also named "John Does 1-10" in the caption but has not particularly pled any claims against them, asserting only that they "may be responsible in some manner." (Doc. 15 at 2).

The following facts are taken from Plaintiff's Second Amended Complaint, which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). On or about August 29, 20022, the Village issued a complaint based on an unspecified ordinance violation regarding a dumpster on Plaintiff's property. On September 4, 2022, Woodford County Sheriff's Deputies served Plaintiff with the

1

complaint which had check boxes to identify various infractions. The box "Other" is checked with the handwritten note "Dumpster blocking view." Plaintiff asserts that this notice was insufficient as it did not identify the number of the ordinance violation, referencing IL. R. S. Ct. 572(a)(3), which requires that a charging document identify "[t]he nature of the offense and a reference to the relevant ordinance." (Doc 15 at 3.).

The Complaint noted that this was a "First Offense" subject to a $25.00 fine. Plaintiff was advised that if he paid the fine, no court appearance would be required. It also stated:

> **IF YOU FAIL TO PAY BY THE DUE DATE, YOU MUST APPEAR IN COURT AT THE WOODFORD COUNTY COURTHOUSE, 115 N. MAIN ST., EUREKA, IL, ON A DATE AND TIME TO BE PROVIDED.**

Plaintiff asserts that failure to inform him of a scheduled appearance date violated IL. R. S. Ct. 572(a)(4) which requires notice as to whether Plaintiff was to appear in Court, and if so, "the date, time and place of appearance." (Doc. 15 at 4).

Plaintiff also complains that the line for "Officer's Signature" is signed by Defendant Humphrey, a member of the Village Board. Plaintiff claims that she was not authorized to issue the complaint under IL. R. S. Ct. 572(a) *Form of Charging Document*; and 735 ILCS 5/1-109 *Verification by certification*, which provide that only an attorney, peace officer, or code enforcement officer is so authorized. Plaintiff asserts that Defendant Humphreys routinely signed charging documents, providing copies of nine other ordinance complaints she had signed. (Doc. 15-1 at 26-42). Plaintiff asserts that this long-standing Village policy or practice was unconstitutional and is the basis for the *Monell* claim.

In his briefing, Plaintiff asserts that he received a second complaint on April 12, 2023, again alleging under "Other" that the dumpster blocked the view.  This was listed as a second offense, instructing that if Plaintiff did not pay a $25.00 find by April 21, 2023, a court date

2

would be scheduled. (Doc. 18-2). Plaintiff has not amended his complaint to assert this as an additional claim, so it is not further considered.

The unspecified ordinance violation was affirmatively identified at the October 10, 2022, Village Board meeting as a violation of Ordinance No. 152-032 "building a barrier fence." This was so as the dumpster, which was alleged to be four feet tall, stood on gravel, making it higher than the four feet allow.[1] (Doc. 15 at 6). The minutes also reflect that Plaintiff was sent a certified letter, informing him that he had five days to move the dumpster. Plaintiff claims that he did not receive the letter and it is undisputed that he never signed for it. It is also undisputed that the Village never filed the complaint in court. In fact, when Plaintiff attempted to file a response on September 5, 2022, it was not accepted as there was no complaint on file. Court proceedings were never commenced, and the Village took no action other than notifying Plaintiff of the purported ordinance violation and sending the certified letter.

Plaintiff claims that his Fourteenth Amendment rights were violated as he had a due process property interest in the "sole dominion and active use of his property by placing a dumpster on a portion of such property for the collection of debris while completing landscaping improvements." (Doc. 15 at 11). Plaintiff asserts that this interest was infringed as there is no ordinance which specifically prohibits a dumpster blocking the view or being laid on a height of gravel; and that the complaint did not provide adequate notice as it did not identify the particular ordinance which was violated and did not specify an appearance date. As noted, Plaintiff also asserts a *Monell* claim against the Village of Washburn; that Village officials acted pursuant to an unconstitutional policy or practice under which Defendant Humphrey, an unauthorized individual, signed ordinance complaints.

---

[1] Plaintiff disputes that the dumpster was four feet tall, claiming it was only three feet tall.

Plaintiff claims mental and emotional injury due to the "forever looming and erroneous prosecution with no means for Plaintiff to be heard in court and/or defend himself." (Doc. 15 at 10-11). Plaintiff seeks injunctive relief, compensatory damages, punitive damages, and attorney's fees and costs, notwithstanding that he proceeds pro se.

## MOTION TO DISMISS

Defendants assert their Motion under Fed. R. Civ. P. 12(b)(6) which challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The Due Process Clause of the Fourteenth Amendment forbids a state depriving any person of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "Procedural due process requires a two-step analysis. First, we consider whether the plaintiff was deprived of a constitutionally protected interest in life, liberty, or property. If he was, we then determine what process he was due with respect to that deprivation." *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir.1996). "An essential component of a procedural due process claim is a protected property or liberty interest." *Minch v. City of Chi.*, 486 F.3d 294, 302 (7th Cir. 2007).

Plaintiff does not claim that he was prohibited from having a dumpster on his property, only that he was cited for the placement which allegedly blocked the view and was laid on gravel which allegedly caused it to be higher than the four feet allowed. Plaintiff claims a property interest in the placement of the dumpster without citing authority to support such an interest. This was, in fact, pointed out in the Court's prior order:

> Plaintiff cites no authority to support that he has a cognizable property interest in placing a dumpster in such a way as to block the view of others, or to place it on gravel, or to place it with less than four feet of clearance. Plaintiff has cited statutory authority only to support that notice was inadequate. He offers nothing to establish a constitutionally protected property interest in placing the dumpster as he did.

(Doc. 14 at 7). Plaintiff was given an opportunity but has not remedied this deficiency.

To have a cognizable property interest, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Long Grove Country Club Estates, Inc. v. Vill. of Long Grove*, 693 F. Supp. 640, 653 (N.D. Ill. 1988) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "[A] property interest is derived from an independent source such as state statutes or rules granting an entitlement to benefits." *A.C. v. Bd. of Educ. for Cambridge Cmty. Unit Sch. Dist. No. 227*, No. 05-4092, 2005 WL 3560658, at *2 (C.D. Ill. Dec. 28, 2005) (citing *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975). *See Collins v. Bd. of Educ. of N. Chicago Cmty. Unit Sch. Dist. 187*, 792 F. Supp. 2d 992, 1001 (N.D. Ill. 2011):

> To demonstrate that he was deprived of a protected interest, Plaintiff must first establish that he had a property interest * * * of the sort that the Constitution protects. Property interests are not created by the United States Constitution; [r]ather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. (internal citations omitted).

5

*See Khan v. Bland,* 630 F.3d 519, 528 (7th Cir. 2010) ("a person's interest in a benefit is 'property' under the Fourteenth Amendment 'if there are such rules or mutually explicit understandings that support [a] claim of entitlement' that may be invoked at a hearing.") (quoting *Perry v. Sindermann,* 408 U.S. 593, 601 (1972)).

Plaintiff does not cite any state law rules or statutes which grant him the property right he asserts. While he cites several Illinois Supreme Court rules, these guarantee adequate notice of an ordinance violation and require that ordinance complaints be issued by individuals with certain authority. They do not establish an entitlement as to the placing a dumpster on one's property and do not implicate constitutional safeguards.

Although on notice, Plaintiff has failed to identify the source of the property right he asserts. Plaintiff's claim may be more accurately read to assert that he was treated unfairly; that the Village was not justified in citing him for the placement of the dumpster. As noted in *Manley v. Law*, 889 F.3d 885 (7th Cir. 2018), procedural due process does not protect "subjective feelings of fairness," while Illinois state law does. *See id*. at 891 ("States protect limited personal interests in emotional well-being through the torts of intentional and negligent infliction of emotional distress and through compensatory damages for emotional distress tied to other tort liability. This limited interest has not been recognized as an independent liberty interest protected by due process.") (internal citation omitted).

Plaintiff has failed to establish a protected property interest, so the Court need not further consider what process was due him. *See Minch v. City of Chi.*, 486 F.3d at 305. Furthermore, the *Monell* claim must also fail as Plaintiff cannot establish that a policy of the Village caused him constitutional injury where he had no constitutionally protected right which could be injured. In other words, Defendant Humphrey's alleged unauthorized signing of ordinance complaints did

not cause an infringement of a protected property interest. *See Houskins v. Shehan*, 549 F.3d 480, 493-94 (7th Cir. 2008) (citing *King v. East St. Louis School Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007) ("It is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights").

As Plaintiff has failed to identify an injury to a protected property interest, his Fourteenth Amendment and *Monell* claims cannot stand. As this is Plaintiff's third unsuccessful attempt, the Second Amended Complaint is DISMISSED without prejudice to Plaintiff seeking recourse in state court. He will be given no further opportunity to amend here.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 16) is GRANTED. This case is DISMISSED without prejudice and closed.

Entered on this 27th day of June, 2023.

s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
